IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH ANNE CARROLL,

       Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

       Defendant.
_____

Civ. No. 6:12-cv-02176-MC


OPINION AND ORDER


MCSHANE, Judge:

    Plaintiff Deborah Anne Carroll brings this action for judicial review of the
Commissioner's final administrative decision denying her application for disability benefits
under Title II of the Social Security Act. This court has jurisdiction pursuant to section 205(g) of
the Social Security Act, 42 U.S.C. § 405(g). 42 U.S.C. § 401-33. Plaintiff seeks an Order
reversing the decision of the Commissioner and remanding the action to the Social Security
Administration for an award of benefits, or in the alternative to remand for further proceedings.
For the following reasons, the Commissioner's decision is **REVERSED and REMANDED** for
further proceedings pursuant to Sentence 6 of 42 U.S.C. § 405(g), and a new decision as directed
herein.

1 – OPINION AND ORDER

# PROCEDURAL BACKGROUND

Plaintiff protectively filed her application on January 14, 2010, alleging her disability began on November 30, 2006. (Tr. 76, 143). Her claim was denied initially and on reconsideration, and she subsequently filed a request for hearing. (Tr. 90, 97, 6). After holding a hearing, the Administrative Law Judge (ALJ) issued a decision on August 15, 2011, denying her application. (Tr. 10-19). The Appeals Council denied Plaintiff's request for review on September 26, 2012, making the ALJ's decision the final agency decision. (Tr. 1-4; 20 C.F.R. § 404.981). Plaintiff timely requested judicial review through this appeal.

Plaintiff's reported impairments include right lateral epicondylitis, obesity, asthma, and status post cholecystectomy (as deemed "severe" by the ALJ (Tr. 12)), as well as clinical depression/dysthymia (as diagnosed by Dr. Johnston (Tr. 522)), Fibromyalgia, lower back pain, lumbar facet arthopathy, and Irritable Bowel Syndrome [#45 at p.4], and Bipolar II Disorder, Post-Traumatic Stress Disorder (PTSD), Panic Disorder, and Pain Adjustment Reaction with Mixed Emotional Features (as recently diagnosed by Dr. Carson [#45 at pp.4-5 and #45-1]).

The Plaintiff asks this Court to reverse the Commissioner's decision and remand for an immediate award of benefits, or in the alternative, to reverse and remand the case for further proceedings, due to new/additional evidence regarding the plaintiff's mental health diagnoses. [#45, 51]. The Commissioner asks this Court to affirm the Commissioner's decision. [#50].

## STANDARD OF REVIEW

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months" 42 U.S.C. § 423 (d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." 20 C.F.R. § 404.1520(a); *Keyser v. Commissioner*, 648 F.3d 721, 724 (9th Cir. 2011). The five steps proceed as follows:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one or more of the specific impairments described in 20 C.F.R. Pt. 404, Subpart. P, App. 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not disabled. If not, the claimant is disabled. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

The claimant bears the burden of proof for the first four steps in the process. *Bustamante v. Massanari,* 262 F.3d 949, 953 (9th Cir. 2001); see also *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The Commissioner bears the burden of proof at step five of the process, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." 20 C.F.R. § 404.1560(c)(2); *Tackett v. Apfel,* 180 F.3d

1094, 1100 (9th Cir. 1999); see also 20 C.F.R. § 404.1566 (describing "work which exists in the national economy").

If the Commissioner fails to meet this burden, then the claimant is disabled. If, however, the Commissioner proves that the claimant is able to perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d at 953-54.

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). The decision to remand a case for additional evidence or simply to award benefits is within the discretion of the court. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987).

## DISCUSSION

The decision of the Commissioner of Social Security is reversed and the case is remanded for further proceedings and a new decision, pursuant to Sentence 6 of 42 U.S.C. § 405(g). This court will retain jurisdiction and refrain from entering a final judgment until the Commissioner returns with a new decision that includes additional or modified findings of fact, and a transcript reflecting the inclusions to the record.

## I.     Additional Evidence of Mental Health Diagnoses is New and Material

The record thus far lacks a degree of certainty for this court to render a clear determination, so remand for further proceedings is necessary. This is due to new/additional medical records regarding the plaintiff's recent diagnoses of Bipolar II Disorder, Post-Traumatic Stress Disorder (PTSD), Panic Disorder, and Pain Adjustment Reaction with Mixed Emotional Features, by her psychologist Dr. James Carson. [#45-1].

Without inclusion of these records, neither the ALJ nor the Appeals Council had a complete picture of the plaintiff's medical issues and potential limitations. Accordingly, remand for further proceedings is necessary to properly evaluate these records, which may have changed the outcome of the proceedings, pursuant to Sentence 6 of 42 U.S.C. § 405(g), which states the following:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based. Such additional or modified findings of fact and decision shall be reviewable only to the extent provided for review of the original findings of fact and decision.

It is generally true that this court may not consider evidence on appeal that was not part of the original administrative record. *Brewes v. Commissioner of Social Security Admin.,* 682 F.3d 1157 (9th Cir. 2012). However, the ALJ does have a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Brown v. Heckler,* 713 P .2d

5 – OPINION AND ORDER

441, 443 (9th Cir.1983). The exception outlined in 42 U.S.C. § 405(g) above allows for the inclusion of such records when it can be shown they are new, material, and that there was good cause for there not being included as part of the record.

In the case at hand, there is "good cause" as to why the diagnoses were not included in the Plaintiff's original application and why they should be considered now. The only evaluation of the plaintiff's mental health was performed by Dr. Shawn Johnston, Ph.D, on behalf of the Social Security Administration in July of 2011. (Tr 14 and 521-570). In his evaluation, Dr. Johnston opined that the Plaintiff suffered from clinical depression and that she had an "extreme need" for professional counseling and psychotherapeutic help. (Tr 523). Despite this recommendation, further evaluation of the plaintiff was not done as part of the record for the plaintiff's application for benefits. Failure to do so was due in part to the plaintiff's own initial reluctance to seek treatment, a reaction commonly associated with the types of diagnoses made of the plaintiff by psychologist Dr. James Carson.

Since these records were not before the ALJ or the Appeals Council, prudent discretion dictates remand for further proceedings. Since these records have never been reviewed, this Court considers them "new." Since they address the plaintiff's medical conditions directly, this court considers them "material." It is the ALJ, however, who is in a far better position than this court to determine the overall impact and credibility of these records, which is why further proceedings have been ordered instead of an immediate award of benefits as the plaintiff requested.

Considering and including these new records will also necessitate a new Residual Functional Capacity Assessment to take into account any additional limitations that the plaintiff may face in the labor market.

6 – OPINION AND ORDER

**II.    All Other Issues Are Not Yet Ripe**

The remaining issues are not ripe for discussion at this time. These issues include whether the ALJ's evaluation of the medical evidence and conclusions about the plaintiff's limitations are supported by substantial evidence, whether the plaintiff's testimony was credible, and whether or not the plaintiff could perform her past relevant work as a telemarketer. Pursuant to Sentence 6 of 42 U.S.C. § 405(g), this Court will retain jurisdiction to decide these unaddressed issues and any others which may emerge from the further proceedings and the Commissioner's new decision.

# <u>CONCLUSION</u>

The ALJ's finding that the plaintiff was not entitled to disability insurance benefits under the Social Security Act was based upon an incomplete record. Therefore, pursuant to Sentence 6 of 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security is **reversed** and the case is **REMANDED** for further proceedings and a new decision. This court will retain jurisdiction and refrain from entering a final judgment until the Commissioner returns with a new decision that includes additional or modified findings of fact, a new Residual Functional Capacity Assessment, and a transcript reflecting the inclusions to the record.

IT IS SO ORDERED.

DATED this 19th day of September, 2014.


_____**/s/ Michael J. McShane**_____
Michael J. McShane
United States District Judge


7 – OPINION AND ORDER